McKinney, J.,
delivered the opinion of the Court.
Brien obtained a judgment against James a Durham for $105, before a justice of the peace, who entered the name of Cheatham, as stayor of the execution thereon. After the expiration of the stay, execution was issued against the principal and stayor, and was levied, by the officer, on the property of the latter.
By an indorsement made upon said execution, by the attorney of Brien, it appears that Durham, the principal, was dead; and it seems that his death occurred before the levy was made, and probably before the issuance of the execution. *554 Cheatham presented a petition for a supersedeas, and therein asks to have said execution quashed, on two grounds : 1st. That he was not legally bound as stayor; and 2d. That his , property was protected from execution until after the property of his principal was exhausted.
It seems that the justice was in Smithville, a distance of four miles from his residence, when Durham voluntarily came before him, and confessed judgment in favor of Brien; and at the same time and place, Cheatham, in like manner, appeared before him, and agreed to become bound as surety for the stay of execution on said judgment. The justice, either before leaving town, or on his return home, entered up the judgment, and also entered the name of Cheatham as stayor.
The objection taken to this proceeding, is, that it did not take place at the justice’s office. There is nothing in this objection. We have held in another case, at the present term, that the place where an official act is done by a justice, is his office for that particular purpose; no matter where it may be, so that it is within the territorial limits of his jurisdiction.
The other ground assumed in the petition, is likewise untenable. It is based upon a 'mistaken construction of the Code, sec. 8028. That section provides, that “ where the judgment or decree is against a principal and his surety, it shall be the duty of the officer having the collection thereof, to exhaust the property of the principal, both real and personal, before proceeding to sell the property of the surety.”
This provision, by the following section, embraces “ stayers
This provision, it will be observed, is directory to the officer. Atkinson v. Rhea, 7 Hum., 59. And it plainly contemplates, that the principal shall be possessed of property subject to immediate execution, on which the officer may directly proceed to make a levy, without the risk of personal liability, and without the necessity, on his part, of resorting to any legal measures for the removal of any obstacles which may exist in the way of an immediate seizure of the property. Consequently, if the property of the principal be encumbered, *555 or in custody of the law; or, if by the death of the principal, it cannot be reached without reviving the judgment against the personal representative; or, for any other cause, is not amenable to the immediate requirement of the process in the officer’s hands, he not only may, but it is his positive duty, to proceed at once against the property of the stayor, or other surety. He must be careful, however, at his peril, not to pass by the property of the principal, if it be accessible.
It was not the intention of this provision of the Code, that the creditor should be subjected to the trouble and delay of removing legal obstacles out of the way of a levy on the property of his principal debtor, before being permitted to subject the property of the surety. In such case, it was deemed more reasonable and just, to leave the surety, who had voluntarily made himself liable for the satisfaction of the judgment, to take upon himself this expense and trouble, should his own indemnity require it.
The death of the principal after judgment, interposes no objection to the issuance of an execution, without reviving the judgment. Cabiness v. Garrett, 1 Yer., 491.
It follows, therefore, that the certiorari must be dismissed, and the supersedeas discharged. And judgment will be entered up here against the principal and surety in the certiorari bond, for the amount of the justice’s judgment, with interest at the rate of twelve and one-half per cent, per annum thereon, pursuant to sec. 3137 of the Code.
Judgment modified accordingly.